SEDGWICK, Executrix, etc., v. SEDGWICK.

No. 8697; August 29, 1884.

4 Pac. 570.

**Executor—Purchase by, at Execution Sale.**—The executor of an estate has no authority to bid for or purchase for the estate, at an execution sale, property sold to satisfy an execution on a judgment in favor of the estate, and, such sale being void, gives no cause of action against the estate for damages by reason of such sale.[1]

APPEAL from the Superior Court of San Joaquin County.

J. B. Hall for appellant; Byers & Elliot for respondent.

By the COURT.—The executor or administrator of an estate of a deceased person has no authority to bid in for the estate, at execution sale, real or personal property levied upon to satisfy an execution issued upon a judgment in favor of the estate. The execution sale of the real estate of the defendant to the plaintiff, as executrix of the estate of Thomas Sedgwick, was therefore void. And as it did not, in law or fact, disturb the defendant in the possession of his land, and the executrix paid no money upon the sale, the defendant had no cause of action against the estate to recover damages resulting from the sale.

Judgment affirmed.

---

[1] **Cited** in San Domingo Co. v. Grand Pacific Co., 10 Cal. App. 420, 102 Pac. 550, and distinguished from a case where the point is urged by a defendant, a stranger to both the estate and the judgment debtor, in a suit for an injunction by one who, likewise a stranger, holds title of the chain of which such a sale is a link.